UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MARIAN COOPER,

                Plaintiff,

v.                                     **ORDER**
                                         06-CV-502S

CREDITORS INTERCHANGE RECEIVABLE
MANAGEMENT, LLC and JOHN DOE,

                Defendant.

      1.       This is an action brought under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. Plaintiff Marian Cooper is a legally incompetent individual. Consequently, on February 8, 2007, the Honorable John T. Elfvin[1] appointed Plaintiff's daughter, Mary A. Foley, as her *guardian ad litem*. (Docket No. 7.) On or about September 21, 2007, the parties reached a settlement of this matter with the assistance of a mediator. (Docket No. 18.) Mary Foley agreed to the terms of the settlement on Plaintiff's behalf.

      2.       Because the settlement is made on behalf of an incompetent individual, it must be approved by this Court under Local Rule 41.1(b). On January 3, 2008, Plaintiff filed a sealed Motion to Approve Settlement. (Docket No. 24.) In support of the motion, Plaintiff filed an Affidavit from Mary A. Foley, an Affirmation from Plaintiff's counsel, Kenneth R. Hiller, and a memorandum of law. (Docket No. 24.) For the reasons that follow, Plaintiff's Motion to Approve Settlement is granted.

---

[1] This action was assigned to this Court after Judge Elfvin elected to take inactive senior status. (Docket No. 19.)

3. An action by or on behalf of an incompetent individual may not be settled or dismissed without leave of the court. The procedure for obtaining such leave is set forth in Rule 41.1(b) of the Local Rules of Civil Procedure for the Western District of New York, which in turn incorporates the applicable provisions of New York's Civil Practice Law and Rules ("CPLR").

4. Pursuant to those provisions of law, this Court finds that: (1) no appearance by the incompetent individual is necessary; (2) a hearing is not required to resolve the instant motion; (3) the attorney fees and disbursements requested in the supporting affirmations are reasonable and therefore approved pursuant to Local Rule 41.1(b)(3); (4) the distribution of the settlement moneys — payable to Mary A. Foley to be held for the use and benefit of Marian Cooper — is in conformity with Local Rule 41.1(b)(4) and N.Y. C.P.L.R. § 1206; and (5) the settlement and distribution of the settlement moneys is in the best interests of the incompetent individual.

IT HEREBY IS ORDERED, that Plaintiff's Motion to Approve Settlement (Docket No. 24) is GRANTED.

FURTHER, that Mary A. Foley, as *guardian ad litem*, is authorized to settle this action on Plaintiff's behalf.

FURTHER, that the attorney fees and disbursements agreed upon are reasonable and shall be distributed in accordance with the parties' agreement.

FURTHER, that the balance of the settlement funds shall be paid to Mary A. Foley, *guardian ad litem*, to be held for Marian Cooper's use and benefit, in accordance with the parties' agreement.

FURTHER, that this matter is DISMISSED.

FURTHER, that the Clerk of the Court is directed to close this case.

SO ORDERED.

Dated:     January 25, 2008
           Buffalo, New York

                                               /s/William M. Skretny
                                              WILLIAM M. SKRETNY
                                              United States District Judge